[No. 1126.  Decided February 23, 1894.]

SARAH A. ROBINSON, *Appellant*, v. ANNIE C. HALLER *et al.*, *Respondents.*

ACTION BY NON-RESIDENT—SECURITY FOR COSTS.

Where an action is instituted against several defendants by a non-resident plaintiff, he cannot, under Code Proc., § 844, be compelled to furnish a separate bond for costs to each defendant appearing and claiming such bond.

*Appeal from Superior Court, King County.*

*H. R. Clise* (*George H. King*, of counsel), for appellant.

*Burke, Shepard & Woods*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action by a non-resident plaintiff claiming title to an undivided half interest in a tract of

land in the city of Seattle, against thirty-five defendants,
eighteen of whom appeared separately, each filing a motion
for security for costs, which several motions the court
granted, requiring a separate bond running to each defend-
ant.    The plaintiff filed one bond in the sum of $200.
Upon the refusal to file a bond in favor of each separate
defendant, on motion of the defendants, the court dismissed
the action.    So that the question to be decided is, can a
non-resident plaintiff, where the action is against several de-
fendants, be compelled to furnish a separate bond for costs
to each defendant appearing and claiming such bond?

We think the action of the court in requiring these addi-
tional bonds and dismissing the action for non-compliance
with said order is plainly erroneous.    Sec. 844 of the Code
of Procedure, which is the only law authorizing security
for costs in case of a non-resident plaintiff, provides that,
when a plaintiff in an action resides out of the county, or
is a foreign corporation, security for the costs and charges
which may be awarded against such plaintiff may be re-
quired by the defendant.    When required, all proceedings
in the action shall be stayed until a bond executed by two
or more persons be filed with the clerk, conditioned that
they will pay such costs and charges as may be awarded
against the plaintiff by judgment or in the progress of the
action, not exceeding the sum of $200.

We think a fair construction of this statute will lead to
the conclusion that but one bond is contemplated in any
one action, without regard to the number of defendants in
that action.    It is urged by the respondents that in cases
where there are numerous defendants, the costs would in
all probability aggregate a sum far in excess of $200; and
that, therefore, a single bond would not be a sufficient pro-
tection.    But to meet this contingency the same section of
the statute provides that a new or additional bond may be
ordered by the court or judge upon proof that the original

bond is insufficient security, and proceedings in the action stayed until such new or additional bond be executed and filed.

It seems to us that there is hardly room for construction of this statute. Notwithstanding the number of defendants it is but one action, and it is not the policy of the law to make a requirement so oppressive as to virtually exclude the bringing of actions of this kind, which might easily be the result in this case. It might as well be concluded that appeal bonds, which are required by the statute, should be given to each respondent in the action, because a judgment in the appellate court might be reversed as to some of the respondents and affirmed as to others. The same logic would also authorize a separate attorney's fee. Such was evidently not the intention of the statute.

It is further urged by the respondents that, even if the court below erred in requiring the plaintiff to file a separate bond in favor of each defendant moving, the judgment of the court can be sustained because the bond given was not the bond required by statute, but a mere undertaking lacking the technical form and requisites of a bond. But if such is the case, the respondents should have moved against the bond in the manner required by the statute.

An investigation of the whole record leads us to the conclusion that the judgment must be reversed for the errors alleged, and it is so ordered.

STILES, SCOTT, ANDERS and HOYT, JJ., concur.