[No. 7131.   Decided February 10, 1908.]

JOSEPH N. MORRIS, *Appellant*, v. MAYNARD WARWICK, *Respondent*.[1]

COSTS — BONDS FOR COSTS — ADDITIONAL SECURITY. Bal. Code, § 5186, authorizing the court to require an additional cost bond by a nonresident plaintiff "upon proof that the original bond is insufficient security" applies to insufficiency in the amount of the bond as well as to the sufficiency of the sureties.

SAME — DISMISSAL OF ACTION — FAILURE TO FILE COST BOND. Where a nonresident plaintiff fails to furnish an additional cost bond as required by the court, the action is properly dismissed.

Appeal from an order of the superior court for Lincoln county, Warren, J., entered August 27, 1907, dismissing an action upon plaintiff's failure to comply with an order requiring the filing of an additional cost bond.   Affirmed.

*J. T. Mulligan, N. T. Caton,* and *Martin & Wilson,* for appellant.

*Merritt, Hibschman, Oswald & Merritt,* for respondent.

RUDKIN, J.—This action was commenced in the court below on the 1st day of April, 1905.   On the 5th day of May, 1905, the defendant entered his appearance and moved the court for an order requiring the plaintiff to execute and file a $200 cost bond, on the ground that he was a nonresident of the state.   On the same day a cost bond in the sum of $200 was filed on the part of the plaintiff.   The case was thereafter tried and a judgment of nonsuit entered, but the

[1]Reported in 93 Pac. 905.

judgment of nonsuit was reversed by this court and a new trial ordered. *Morris v. Warwick*, 42 Wash. 480, 85 Pac. 42. After the cause was remanded another trial was had, and the jury failed to agree. The defendant thereupon moved the court for an order requiring the plaintiff to execute an additional cost bond, filing an affidavit in support of the motion, showing that the costs already incurred by the defendant amounted to the sum of $650. On the 24th day of June, 1907, an order was entered requiring the plaintiff to give and furnish an additional cost bond in the penal sum of $650 within forty days from that date. After the expiration of the forty days, the defendant moved the court to dismiss the action for failure to file the additional cost bond within the time directed, and from the order granting this motion, the present appeal is prosecuted.

On this record two questions are presented: (1) had the court authority to require the additional cost bond under the circumstances stated; and (2) if so, was the action properly dismissed for failure to comply with the order of the court in that regard. The statute under which the bond was demanded reads as follows:

"When a plaintiff in an action resides out of the county, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant. When required, all proceedings in the action shall be stayed until a bond, executed by two or more persons, be filed with the clerk, conditioned that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of two hundred dollars. A new or additional bond may be ordered by the court or judge, upon proof that the original bond is insufficient security, and proceedings in the action stayed until such new or additional bond be executed and filed. The plaintiff may deposit with the clerk the sum of two hundred dollars in lieu of a bond." Bal. Code, § 5186 (P. C. § 1123).

Counsel for appellant contend that the term "insufficient security" in the above section means insufficiency of the sure-

ties on the bond filed in the first instance, and not insufficiency in the amount of the bond. There are numerous statutes in this state authorizing courts and boards to require additional bonds from officers and litigants. Such are the statutes relating to official bonds, Bal. Code, § 1522 (P. C. § 3268); attachments, Bal. Code, § 5356 (P. C. § 516); injunctions, Bal. Code, § 5439 (P. C. § 491); executors and administrators, Bal. Code, § 6157 (P. C. §2450); guardians, Bal. Code, § 6404 (P. C. § 2738); appeals, Bal. Code, § 6512 (P. C. § 1060).

The context of these several statutes generally shows what is meant by insufficient security. Some of those cited clearly refer to the insufficiency of the sureties on an existing bond, while others as clearly relate to the amount of the bond as well. We think the statute under consideration is of the latter class. The first part of the section requires nonresidents of the county and foreign corporations to give security for costs. The amount of such costs is necessarily indeterminate at the time of the commencement of the action, and the next provision fixes the amount of the original bond at the sum of $200. This sum may not be sufficient security in all cases, and therefore the next provision authorizes the court to require an additional bond. Such was the view taken by this court in *Robinson v. Haller*, 8 Wash. 309, 36 Pac. 134, where we said:

"It is urged by the respondents that in cases where there are numerous defendants, the costs would in all probability aggregate a sum far in excess of $200; and that, therefore, a single bond would not be a sufficient protection. But to meet this contingency the same section of the statute provides that a new or additional bond may be ordered by the court or judge upon proof that the original bond is insufficient security, and proceedings in the action stayed until such new or additional bond be executed and filed."

See, also, 11 Cyc. 190. The court therefore acted within its jurisdiction in requiring the appellant to give the additional

bond, and the action was properly dismissed for failure to comply with the court's order. *Carlson Bros. & Co. v. Van De Vanter*, 19 Wash. 32, 52 Pac. 323. There is no error in the record and the judgment is affirmed.

HADLEY, C. J., CROW, MOUNT, and DUNBAR, JJ., concur.