BESSIE M. TOMPKINS ET AL., PLAINTIFFS, v. THE BURLINGTON ISLAND AMUSEMENT COMPANY ET AL., DEFENDANTS.

Decided February 13, 1925.

**Costs—Taxation—Action in the Alternative Against Several Defendants—Judgments Against Two Defendants, Nonsuits Against the Others—Defendants' Costs Taxed in a Single Bill—Separate Answers Filed—Several Defendants Entitled to Separate Bills, Taxed in Accordance with Verdict.**

The opinion of the court was delivered by

LLOYD, J. The plaintiffs, Bessie M. Tompkins and her husband, Harry Tompkins, brought suit in the Supreme Court to recover damages sustained by Mrs. Tompkins, alleged to have been caused by the negligence of the defendants "or one of them." The accident in which the injuries arose occurred on an island in the Delaware river, which was used as an amusement place, and alleged to have been maintained by the defendants "or one of them." The complaint

being thus in the alternative, was replied to by the defendants in separate answers. The case proceeded to trial in the Burlington Circuit and resulted in a verdict against Robert Marple and the Burlington Island Park Company. Nonsuits were granted as to the other defendants. When the costs were taxed by the clerk of the Supreme Court they were taxed in a single bill of costs, The matter is before me on a motion for a retaxation, the defendants, as to whom a nonsuit was granted, claiming to be entitled to have their costs taxed in separate bills.

Section 1 of the "act concerning fees and costs and the taxation thereof in the courts of law in this state" (*Pamph. L.* 1911, *p.* 756) provides—

"1. The prevailing party in any action, motion or proceeding in the courts of law in this state shall be entitled to costs except where otherwise provided by law, and unless the court or judge before whom such action, motion or proceeding shall be taken shall order otherwise."

Section 5 provides that taxation or retaxation of costs may be reviewed by the court upon a motion for new taxation, and that upon such motion the court may order a new taxation before the proper officer.

Substantially, this is the application presented to me, and presents the question of the propriety of the taxation as made by the clerk. It will be observed that the action is in the alternative as set forth in the complaint filed, in that it is alleged that all of the defendants, or one of them, had committed the wrongs complained of. Whether this be in strictness alternative pleading as contemplated by the Practice act of 1912, it is certainly not a complaint against the defendants in the conjunctive. They are not made defendants to a common cause of action. On the contrary, separate and individual answers are invited by the form of the pleading to which they are called on to respond. Availing themselves of this right, the defendants filed separate answers. It is true these answers are in identical form, but they are separate and distinct, and for each answer the particular defendant alone is responsible. In this situation it seems to

me the defendants have been brought separately into court, having answered separately, and being absolved from liability by the judgment finally entered in the cause, were entitled to have their costs individually and separately taxed. The only thing that any of them apparently have in common is that they are brought into court on the same process. This does not give the plaintiffs a right to deprive them of the costs which they would have recovered had they been sued in separate actions. In theory of law, no matter what may have been the fact of the particular case, each defendant was subject to the necessity of employing counsel, of filing his papers and incurring the expenses of the litigation. It would seem that the costs accruing under these circumstances are those which would have accrued had the parties been the sole defendants in different actions.

The costs will be retaxed by the clerk in accordance with the views herein expressed.