[No. 22752. Department One. April 2, 1931.]

OSCAR KOBOSKI, *as Guardian ad Litem for Glen Koboski et al., Respondent,* v. C. W. COBB *et al., Appellants.*[1]

*LaBerge, Cheney & Hutcheson,* for appellants.

*Grady & Velikanje,* for respondent.

[1]Reported in 297 Pac. 771.

Main, J.—Two minors, one eighteen years of age, and the other sixteen, by their guardian *ad litem,* brought this action to recover damages for personal injuries, and also property damage, which arose out of a collision between an automobile and a truck. In the complaint there are two causes of action separately stated; the first for personal injuries to one of the minors and for damage to an automobile owned by him; and the second for personal injuries to the other minor. After a demurrer to the complaint had been interposed and overruled, the defendants answered, denying liability, and by cross-complaint sought to recover for damages to the automobile truck owned by them. The cause was tried to the court without a jury, and resulted in findings of fact, from which the court concluded that there could be a recovery by plaintiff upon both causes of action. No motion for new trial having been made, judgment was entered in favor of the plaintiff in the sum of seven hundred seventy-five dollars, from which the defendants appeal.

The accident out of which the litigation arose happened at about seven o'clock a. m., August 15, 1929, at the intersection of two public highways in Yakima county. Between the towns of Toppenish and Buena there is a paved highway, which may be said (but not with entire accuracy) to extend north and south. Into this highway from the west enters a graveled roadway, upon which there is little travel. This graveled roadway does not extend further to the east, but ends at the paved highway. The paved road is not an arterial highway, but there passes over it a considerable amount of traffic.

In the morning of the day mentioned, Glen Koboski and his sister, Ruth, left in a Ford coupe their home in Toppenish, for the purpose of going to work at a fruit ranch owned by their father at or near Buena.

They were accompanied by another young man of about Glen's age. They were proceeding north on the paved highway, and, as they approached the intersection of the paved highway with the graveled road above mentioned, another automobile was ahead of them going in the same direction. When something like a hundred yards from the intersection, Glen sounded the horn and pulled to the left to go around the automobile which was ahead. When he reached the intersection and, having passed the automobile, was about to turn to the right hand side of the road, a Chevrolet truck, owned by the appellants and driven by B. W. Wilson, their employee, came out of the graveled road, and the left front of the truck collided with the front of the Ford coupe. Owing to a growth of brush along the roadway, neither driver could see the other as they approached the intersection. By the collision both vehicles were damaged, and Glen and Ruth Koboski each sustained personal injuries.

It is first contended that the demurrer to the complaint should have been sustained because there was an improper joinder of two causes of action; in other words, it is said that the causes of action for Glen and Ruth are separate and distinct, and cannot be maintained in one action.

Rule II of this court, adopted January 14, 1927, Rem. 1927 Sup., § 308-2, provides:

"1. All persons may be joined in one action, as plaintiffs, in whom any right to relief in respect of, or arising out of, the same transaction or series of transactions, is alleged to exist, whether jointly, severally or in the alternative, where, if such persons brought separate actions, any common question of law or fact would arise; . . .

"3. No action or proceeding shall be defeated by the nonjoinder or misjoinder of parties."

The case now before us clearly comes within this rule. The two causes of action arose out of the same transaction, and the questions of fact pertaining to the two were the same. The court did not err in overruling the demurrer to the complaint.

■ It is next contended that the trial judge erred in viewing, without notice to the parties or their attorneys, and without their knowledge or consent, the place where the accident happened. The fact that the trial judge had visited the scene of the accident first appeared when his memorandum decision was filed, subsequent to the trial and prior to the entering of the findings of fact, conclusions of law, and judgment. After this was made known, the appellants at no time moved for a new trial, claiming error by reason of the fact that the trial judge had viewed the scene of the accident. The question is sought to be raised for the first time in this court.

The trial court has had no opportunity to correct the error, if there were error, a question which we do not here decide. Primarily, the office of a motion for a new trial is to afford the court an opportunity to correct errors in the proceedings before it, without subjecting the parties to the expense and inconvenience of an appeal. In *Dubcich v. Grand Lodge A. O. U. W.*, 33 Wash. 651, 74 Pac. 832, it is said:

"The office of the motion for new trial, in its necessary relation to the appeal, is to give the trial court opportunity to pass upon questions not before submitted, for its ruling, such as misconduct of the jury, newly discovered evidence, excessive damages, error in the assessment of the amount of recovery, and similar questions. The motion seems to serve no necessary purpose, as far as concerns the review on appeal of questions once submitted to, and decided by, the trial court."

In *State v. Nichols,* 15 Wash. 1, 45 Pac. 647, error was claimed because the trial court, in the absence of the prisoner and his counsel, and without notice to them, orally instructed the jury. In the opinion in that case, after reciting that it did not appear from the record what the instruction was, or that the instruction was prejudicial, the court said:

"But, in addition to this, it does not appear that this question was called to the attention of the court on a motion for a new trial, and for that reason, if for no other, it will not be discussed here."

The cases of *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821, 50 L. R. A. (N. S.) 59, and *Gordon v. Hillman,* 105 Wash. 529, 178 Pac. 625, are to the same effect.

Since the appellants made no motion for new trial, and since the trial court had no opportunity to pass upon the question, it cannot be considered upon the appeal.

It is next contended that Wilson, the driver of the truck, was not guilty of any negligence, and that the driver of the Ford coupe was guilty of contributory negligence.

Whether there was negligence or contributory negligence presents questions of fact upon which the evidence is in sharp dispute. As to the manner in which the accident happened, Glen Koboski testified as follows:

"Q. As you approached that road, where were you driving your car? A. Well when I was coming up to that road I was just about in the middle of the road. Q. Was there any car coming from the other direction? A. No. Q. Was there any car on the road ahead of you? A. Yes, there was a car I was passing. Q. About how fast were you going as you approached the car ahead of you? A. Around 25 miles an hour. Q. What did you do with reference to passing the other car?

A. I started around this other car and was just about, just starting to go on my side of the road and was about in the middle of the road when the truck came out. . . .

"Q. I wish you would tell the judge just what happened and how it happened from the time you started to pass the other car. A. I started to go by this other car, I was just a little ways ahead, hadn't quite started to go back on my side of the road, I was about in the middle of the road when this truck shot out on the pavement and hit me."

The testimony of other persons who witnessed the accident, with the exception of Wilson, and including the two men who were in the automobile ahead of the Ford coupe, was in substantial accord with the testimony above quoted.

Wilson, the driver of the truck, testified that the accident happened as follows:

"Q. Tell what you did, what happened from that time on? A. I just come out and got in the truck and started for town to perform my duties, work, as I had been doing every day; I come up to the pavement and stopped as I always did and seen my way clear and started on. Q. What did you see when you stopped, did you look down and up the road? A. Yes. Q. What did you see coming from Toppenish? A. I saw a touring car coming on on the side of the road and a Ford coupe. Q. Was the Ford behind or in front of the Chevrolet? A. Behind. Q. Then what did you do? A. Drove out on the road. Q. What gear were you in? A. Low gear. . . .

"Q. How fast do you think you were actually going after you started up? A. Not over 3 miles, between 3 and 4. . . .

"Q. How far could you see the other way? A. You can see about 500 feet, but these cars were coming in a straight line about 300 feet when I saw them. Q. And on their own side of the road? A. Yes. Q. When you started up from this point where did you drive? A. I started to make the turn like this, I cut across this corner short on the pavement. Q. What was the

next thing that happened after you started and got up toward the pavement? A. I seen the Ford coupe swing out from behind the Chevrolet touring car. Q. Then what did you do? A. I swung my truck over further and applied my brakes. Q. At the time you swung your car over and applied the brakes did you come to a stop? A. You could just tell it was moving, that was all. Q. Then what happened? A. He hit me right in the left front wheel.''

A number of witnesses testified as to the facts as they appeared after the collision, and it is claimed that their testimony tended to corroborate that of Wilson.

If the accident happened in the manner detailed by the testimony offered by the respondents, there can be no question but that Wilson was guilty of negligence which resulted in the collision. On the other hand, if the facts are as testified to by Wilson, he was not guilty of negligence. Upon the conflicting testimony, the trial court held with the respondents, and, after considering all of the evidence, we are of the opinion that the trial court's holding was correct. We are satisfied that the accident happened in the manner detailed by respondents' witnesses.

It is argued, however, that even though the accident happened as the respondents' witnesses say it did, Glen Koboski was nevertheless guilty of contributory negligence, in that he was traversing the intersection at a greater speed than fifteen miles an hour, and therefore was violating Rem. 1927 Sup., § 6362-3, subsection b, subdiv. 2. Assuming, without deciding, that the provision of the statute, limiting to fifteen miles an hour the speed of a motor vehicle when crossing an intersection of a highway, is applicable to the intersection at which the accident in question occurred, it would not prevent a recovery in this case, because, if the accident happened in the manner in which the trial court held that it did, and in which we believe it

did, the speed of the Ford coupe in no way materially contributed thereto.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.