WALLACE S. MYERS, complainant,

*v.*

FLORENCE HELEN MYERS, defendant.

[Decided January 30th, 1932.]

*Mr. Albert J. Biederman,* for the complainant-petitioner.

*Mr. George R. Sommer,* for the defendant.

BERRY, V. C.

The complainant and the defendant are man and wife and a suit for divorce is pending between the parties in this court.

This bill was filed to secure an accounting of $856.10 alleged to have been withdrawn by the defendant from a joint savings bank account in the names of both parties. On the return of an order to show cause herein it appeared that all the money, except about $250, had then been spent by the defendant and restraint against the disposition of the balance *pendente lite* was imposed. Complainant now seeks to have defendant adjudged in contempt for spending about $100 of this balance since that restraint was imposed. The matter comes before me on the return of an order to show cause "why the defendant should not be committed to jail" for contempt. It appears that the sum in controversy was spent for medical treatment—doctors' bills and medicines—and clothing for an infant child of the parties whom the complainant has neglected and refused to support. The defendant is undoubtedly technically in contempt and will be so adjudged, but no punishment will be imposed. The present proceeding is quite evidently born of love turned to hate. This is a court of equity, but not of vengeance. The defendant is admonished to keep the balance of the fund, about $150, intact pending final disposition of this cause, but if necessity arises, appropriate application may be made.