### Union County Court of Common Pleas.

JOHN MARINO, ALPHONSO AVONA, AGIDIO IAFOLLA, HARRY D'ANGELO AND JOSEPH MONTELIONE, PLAINTIFFS, v. SHIFF REALTY COMPANY, A CORPORATION OF NEW JERSEY. LOUIS SHIFF AND RALPH SHIFF, TRADING AS SHIFF BROTHERS, DEFENDANTS.

Decided February 17, 1933.

For the plaintiffs, *Salvador Diana.*

For the defendants, *Kunzman & Kunzman.*

THOMPSON, J.  In this action there are five plaintiffs, some of whom are claimed to be non-residents.  Defendant has demanded security for costs in the case of the non-residents under the statute (sections 204 and 205 of the Practice act, *Pamph. L.* 1903, *pp.* 590, 591).  Plaintiffs move to strike the demand, citing decisions of our New Jersey courts to the effect that the practice is not to require security for costs against non-resident plaintiffs when joined with one or more resident plaintiffs.  The cases cited are: 3 *N. J. L.* 447, *Anonymous; Den* v. *Boqua,* 10 *Id.* 192; *Jones* v. *Knauss,* 33 *N. J. Eq.* 188, and *Whitney* v. *Merchants National Bank of Newark,* 40 *N. J. L.* 481.  The last case is not germane to the point in question.  The case of Jones *v.* Krauss enunciates the equity practice only.  The other two cases were before the passage of the statute on the subject.  Security for costs in case of non-resident plaintiff was provided by a statute adopted in 1874, amended in 1890 and continued in 1903 as section 204 of the Practice act.  Since these statutes

have been operative there appear to be no decisions of the courts on the point, except an opinion by Judge Brown, of the Hudson Circuit Court, in the case of *Kearney* v. *Baptist,* reported in 10 *N. J. Mis. R.* 431; 159 *Atl. Rep.* 405, wherein Judge Brown held that the non-resident plaintiffs should furnish security for costs. I shall follow this decision in deciding the motion before me. The statute seems clear in its terms. It provides that "if the plaintiff resides out of this state he shall, if required at any time before notice of trial, give bond to the defendant in $100, with sufficient sureties resident in this state, with conditions to prosecute his action with effect and to pay costs if he discontinue, be nonsuited or a judgment pass against him; which bond shall be filed in the clerk's office of the court in which such action is pending; or in lieu of such bond the plaintiff may deposit the sum named with the clerk as security to the defendant for costs."

Since this is the legislative pronouncement of the rule, enacted in three different instances in practically the same language, save with the privilege of depositing cash in lieu of bond, as set forth in the Practice act, the court should give as complete effect to the rule as the intent of the statute contemplates. Manifestly, it is a remedial statute for the benefit of defendants to insure the payment of their costs by an unsuccessful non-resident plaintiff. It is not for the court to assume that where there is a resident plaintiff joined with one or more non-resident the defendant will be able to collect his costs from the resident plaintiff. At the beginning of a suit at law there is no certainty as to what will be the situation at the conclusion of the litigation concerning the relation of the defendant to any particular one of the plaintiffs either as to liability or financial responsibility. The non-resident plaintiffs may be the only ones ultimately held to be liable; or, the resident plaintiff, even if liable, may not be financially responsible on a judgment for costs. The purpose of the statute would seem to be to assure the defendant of the collection of his costs, if he be successful, from anyone who brought a suit against him, and he should

be left free to collect those costs from whom he may among all who sued him. The court should not limit the chances of collection because one or more of the plaintiffs is a resident of the state. There is always the possibility that the non-resident plaintiff may be the only resource for costs in the end. That being so, the protection of the statute is important.

The motion to strike the demand for security for costs will be denied, and the action stayed in so far as the non-resident plaintiffs are concerned until the security is furnished.