L. BELLE WATERBURY, HALCYON B. WATERBURY, JOAN WATERBURY, BY HER NEXT FRIEND, LEILA WATERBURY; ROBERTA WATERBURY, BY HER NEXT FRIEND, LEILA WATERBURY, AND LEILA WATERBURY, INDIVIDUALLY, PLAINTIFFS, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY; AND NEW JERSEY BELL TELEPHONE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Decided December 2, 1933.

For the motions, *Henry H. Fryling* and *Smith & Slingerland*.

Opposed, *Stein & Stern*.

LAWRENCE, S. C. C.   While these motions are in form to non-pros. plaintiffs for failure to post adequate security for costs, on the argument they were regarded as an interlocutory matter of practice, involving a step in the cause, arising under rule 94 of the Supreme Court, with the understanding that the meritorious question discussed should be determined.

The plaintiffs are non-residents and seek compensation for injuries alleged to have been received in an automobile accident which occurred at Somerville, in this state. The vehicle in which they were it appears became entangled with a wire or wires which it is charged one or the other of the de-

fendants negligently allowed to fall into the roadway and there remain unguarded, so creating and constituting a nuisance. Since the causes of action have a common question of law or fact and arose out of the same transaction, plaintiffs joined in the present suit against both defendants, as permitted by paragraphs 4 and 6 of the Practice act of 1912. *Metropolitan Casualty Insurance Co.* v. *Lehigh Valley Railroad Co.,* 94 *N. J. L.* 236; 109 *Atl. Rep.* 743.

On the service of process with complaint annexed, each of the defendants gave notice demanding security for costs, pursuant to section 204 of the Practice act of 1903. 3 *Comp. Stat., p.* 4115. See *Sheehan* v. *LaBelle Co.,* 92 *N. J. L.* 315; 105 *Atl. Rep.* 449. In response to this demand, plaintiffs jointly deposited with the clerk $100 and gave notice thereof to defendants. The motions here made resulted and it was argued on behalf of defendants that the deposit was not in compliance with the statute; that the provision requires in fact that each of the plaintiffs should post a bond for $100 to each of the defendants or deposit a like sum in cash. In other words, the security, it was argued, should total $1,000. Citing *Tompkins* v. *Burlington Island Amusement Co.,* 3 *N. J. Mis. R.* 219; 127 *Atl. Rep.* 817; *Kearney* v. *Baptist,* 10 *N. J. Mis. R.* 431; 159 *Atl. Rep.* 405, and *Marino* v. *Shiff Realty Co.,* 11 *N. J. Mis. R.* 96; 164 *Atl. Rep.* 577.

Counsel for plaintiffs, admitting that the deposit made was, through misapprehension, inadequate, since there were two defendants, urged that the most that could be required, in construing section 204 of the Practice act of 1903, in its application to paragraphs 4 and 6 of that of 1912, would be a bond for $100 to each defendant or a deposit of $200, since in the taxation of costs, neither of the defendants would be entitled to a separate bill of costs taxed against *each* of the plaintiffs, but that they could have a separate bill only against the plaintiffs jointly, inasmuch as a single suit was involved, in which there would be but one trial. He further suggested that the decision of the Court of Appeals of New York, in the case of *M. Salimoff & Co.* v. *Standard Oil Company of New York,* 259 *N. Y.* 219; 181 *N. E. Rep.* 457 (1932),

contained cogent reasoning in support of his contention, and could well be followed here, as the Civil Practice act there contains provisions similar to our own permitting joinder of causes of action containing common questions of law or fact arising out of the same transaction. In the cited case it appeared there were eighteen plaintiffs, and the judge writing the opinion adopted by the court said: "There is no provision I can find in the Civil Practice act which would permit these eighteen plaintiffs, if they win, to have eighteen bills of costs against the defendant, or if the defendant should win, would give it eighteen bills of costs against the defendants. The defendant and the courts below have approached this action as if there were to be eighteen separate trials of the issues. Section 209 (New York Civil Practice act) was adopted for the very purpose of avoiding such unnecessary litigation and expense. To facilitate litigants and the courts, all persons whose claims involve any common question of law and of fact may be joined as plaintiffs in the one action. Thus there will be but one trial, and the main issue of fact, the liability, settled in the one law suit * * *. The very purpose sought to be accomplished by section 209 would be somewhat frustrated if by consolidation into one action, costs were allowed on the basis of separate actions." It was accordingly held that the plaintiffs should be required to give security for costs to the defendant jointly and not separately.

Inquiry at the Supreme Court clerk's office here elicited the information that it is the practice in a suit involving plural plaintiffs and defendants, if the result of the trial entitles the latter to costs, to tax costs for each defendant against the plaintiffs jointly and not individually. It would therefore appear that in the present suit plaintiffs should be required to furnish security for costs jointly to each of the defendants in the sum of $100. It is to be observed, moreover, that the court or the judge has the statutory right to exercise some discretionary control over the allowance of costs in a given case, and it would seem that in disposing of the present motions that fact should receive some consideration.

The conclusion is, consequently, that if plaintiffs collectively post a bond for $100 to each of the defendants, in the usual statutory form with sufficient sureties resident in this state, or deposit a like sum for the benefit of each defendant, in other words the sum of $200, the requirement of the statute will be deemed to have been met. The rule submitted may provide that if plaintiffs comply within fifteen days from its date, the motions here considered will be denied, otherwise they will be granted.