[No. 27196. Department Two. July 14, 1938.]

THE STATE OF WASHINGTON, *on the Relation of United Brotherhood of Carpenters and Joiners of America, et al., Plaintiff,* v. THE SUPERIOR COURT FOR COWLITZ COUNTY *et al., Respondents.*[1]

[1]Reported in 81 P. (2d) 286.

*Edgar P. Reid* and *Meier & Meagher,* for relators.

*W. H. Sibbald,* for respondents.

STEINERT, C. J.—Relators seek a writ of prohibition from this court to prevent the superior court for Cowlitz county and the presiding judge thereof from making a proposed order and approving a proposed nonresidents' cost bond in an action pending in that court.

The record before us discloses that one hundred fourteen individuals, as plaintiffs, are maintaining an action in the superior court for Cowlitz county against relators, as defendants, to recover damages for the alleged wrongful acts of relators as the result of which, it is averred, the plaintiffs were deprived of their union affiliations with the American Federation of Labor and, being thus "blacklisted," are now deprived of employment by their former employers and others.

In that suit, each plaintiff set up a separate and distinct cause of action with a separate verification by each plaintiff, but all the causes of action are based on identical allegations of fact other than those relating to the amounts of damages claimed, which amounts range from five hundred dollars to $2,999.99 and aggregate approximately one hundred thousand dollars.

Pursuant to the demand of relators, and after a hearing, the court made a finding that fifty-three of the plaintiffs were not residents of Cowlitz county and, on the basis of such finding, entered an order directing each of such plaintiffs to furnish a nonresident security cost bond as required by statute and staying the cause of action of each until such bond was furnished and approved.

Thereafter, the nonresident plaintiffs filed two motions, one requesting that the court enter an order

permitting such plaintiffs to file one bond to cover the liability of all, and the other requesting an order reducing the amount of the bond from the statutory sum of two hundred dollars per plaintiff.

Notwithstanding the objections interposed by relators, the court announced that it would grant the motions and would sign and enter a certain order presented by the plaintiffs containing the following provision:

"Now, THEREFORE, IT IS ORDERED AND ADJUDGED that said nonresident plaintiffs shall file one cost bond in the amount of Two thousand dollars as heretofore ordered and that the condition of said bond shall be that they, said nonresident plaintiffs named herein, will pay the defendants, or either of them, all costs and charges that may be awarded against them, said nonresident plaintiffs, by judgment or in the progress of the above-entitled action, not exceeding said sum of Two thousand dollars."

The court further announced that it would approve the bond tendered by the plaintiffs, which bond was joint and several in form.

To prevent such action by the superior court, relators have applied to this court for a writ of prohibition.

Relators make two contentions: (1) That the court had no authority to reduce the amount of the bond to a sum less than two hundred dollars for each plaintiff; and (2) that the court had no authority to require or approve the bond offered by plaintiffs, which was joint and several in its form and obligation.

The answer to the first contention necessitates a consideration of two related statutes.

Rem. Rev. Stat., § 495 [P. C. § 7476], so far as it is material here, provides as follows:

"When a plaintiff in an action . . . resides out of the county . . . as to all causes of action sued upon, security for the costs and charges which may be awarded against such plaintiff may be required by

the defendant. . . . When required, all proceedings in the action . . . shall be stayed until a bond, executed by two or more persons, or by a surety company authorized to do business in this state be filed with the clerk, conditioned that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action or proceeding, not exceeding the sum of two hundred dollars. A new or additional bond may be ordered by the court or judge, upon proof that the original bond is insufficient security, and proceedings in the action . . . stayed until such new or additional bond be executed and filed. . . . "

Were this the only statute on the subject, relators' first contention might be well-founded. Rem. Rev. Stat., § 958-4 [P. C. § 492-24], however, provides:

"Whenever by statute a bond or other security is required for any purpose in an action or other proceeding in a court of record and if the party shall apply therefor, the court shall have power to prescribe the amount of the bond or other security notwithstanding any requirement of the statute; and in every such case money in an amount prescribed by the court may be deposited with the clerk in lieu of a bond. After a bond or other security shall have been given, the court in its discretion may require additional security either on its own motion or upon motion of an interested party or person. The courts shall exercise care to require adequate though not excessive security in every instance."

The purport and purpose of this latter statute are to empower and enjoin the court to require, in every instance, adequate, though not excessive, security. This statute is so plain and positive that it leaves no room for construction or doubt.

Relators contend that Rem. Rev. Stat., § 958-4, does not apply to or govern those statutes, such as § 495, which set forth the *conditions* that must attach to the bond but do not specify the amount of the bond itself.

We do not assent to relators' proposition. Section 958-4 makes no distinction as to its applicability, nor does it leave any uncertainty as to the extent of its application. It is both comprehensive and predominant and gives the court the power to fix the amount of the bond, regardless of the provisions of Rem. Rev. Stat., § 495.

▪ Relators' second contention is that the court had no power or authority to dispense with a bond as called for by Rem. Rev. Stat., § 495, and to permit the substitution of a single bond in the sum of two thousand dollars obligatory upon all the nonresident plaintiffs.

It should be noted that, in the order made by the court, the material part of which has been quoted above, there is no requirement that the bond shall be joint and several in form. The order simply provides that the plaintiffs file one cost bond in the sum of two thousand dollars, conditioned that they, the nonresident plaintiffs, will pay defendants, or either of them, all costs and charges that may be awarded against such plaintiffs by judgment or in the progress of the action. We shall assume that this calls for a *joint* bond.

Whether, under the facts of this case, the court had the *power*, without the consent and over the objection of the plaintiffs themselves, to *compel* them to enter into a *joint and several cost bond*, is not now before us, and we express no opinion thereon. The only questions presented for determination, on relators' second contention, are: (1) Whether the court had the power to order one *joint* bond instead of fifty-three separate bonds; and (2) whether the bond tendered by plaintiffs, in form of a joint and several bond, is a statutory bond.

Under the facts of this case, we have no doubt as to the power of the court to order one joint bond.

The action was brought under the provisions of Rem. Rev. Stat., § 308-2 [P. C. § 8676-5] (Rule II of Rules of Pleading, Procedure and Practice, 159 Wash. lvii [unchanged in Revised Rules published July 13, 1938]), which permits the joinder of all persons in one action, as plaintiffs, in whom any right to relief in respect of, or arising out of, the same transaction or series of transactions is alleged to exist, whether jointly or severally or in the alternative, where, if such persons brought separate actions, any common question of law or fact would arise. *Koboski v. Cobb,* 161 Wash. 574, 297 Pac. 771; *State ex rel. Shaffer v. Superior Court,* 184 Wash. 316, 50 P. (2d) 917.

Although Rem. Rev. Stat., § 495, speaks of the plaintiff in the singular and does not specifically provide for situations where there are several plaintiffs suing upon a joint cause of action or where several plaintiffs with separate causes of action join for purposes of suit, it is nevertheless clear that the legislature intended to require security for costs from all nonresident plaintiffs, whatever the form or nature of the action might be. Hence it is the duty of the court so to construe the statute as to give effect to the manifest intent of the legislature.

To permit the giving of one joint bond instead of several separate bonds in cases such as this, is not at all repugnant to the letter or the spirit of the statute. On the contrary, from a practical standpoint, it would be far preferable to do so, because it would effect the same result and with equal protection to the defendant in the case in a more expeditious and, at the same time, less onerous way. To require a joint bond of these plaintiffs, is also proper because, having elected to unite their causes in one action and to take the advantage and benefit of such joinder, they should like-

wise be held to a joint liability for the costs in the event that they do not prevail.

There is but little authority directly upon the point and none from this state, although we have held that in an action by one plaintiff against several defendants the statute contemplates but one bond, regardless of the number of defendants. *Robinson v. Haller,* 8 Wash. 309, 36 Pac. 134. We are therefore required to consider the particular matter now before us largely as one of first impression.

There are, however, two cases which have a distinct bearing upon the question, and both of them support us in our conclusion. *Salimoff & Co. v. Standard Oil Co. of New York,* 259 N. Y. 219, 181 N. E. 457; *Waterbury v. Public Service Electric & Gas Co.,* 12 N. J. Misc. 362, 171 Atl. 779. In the New York case, it was held that, in an action by eighteen nonresident plaintiffs against one defendant, one undertaking to secure costs in the amount prescribed by the civil practice act was sufficient. In the New Jersey case, it was held that five nonresident plaintiffs who joined in suing two defendants for injuries sustained in an automobile accident should be held to furnish a bond jointly, to each of the defendants, and not separate bonds to each defendant.

In each of those cases, the court reasoned that, since there was to be but one trial, wherein the main issue of fact would be settled, and since a single or separate defendant could have but one cost bill against the plaintiffs, such defendant was entitled to but one cost bond. While those cases are not controlling upon us, their reasoning is cogent and persuasive. The logic of those decisions, together with our holding in the case of *Robinson v. Haller, supra,* leads us to conclude that it was proper for the court to require but one bond.

■ We are also of the opinion that the bond offered

by plaintiffs is a statutory bond. It fulfills every requirement of Rem. Rev. Stat:, § 495, as modified by Rem. Rev. Stat., § 958-4, and contains nothing repugnant to it. The plaintiffs offered it with the intention that it should function as a statutory bond. So far as the plaintiffs are concerned, there was ample consideration moving from one to every other for joint and several liability, and all and each are now obligated thereon. Regardless of any question whether the court had the power to *order* such a bond over the objection of the plaintiffs, it, nevertheless, had the right, when the bond was voluntarily offered by the plaintiffs, to approve it as one complying with the statute.

The writ of prohibition is denied.

MILLARD, BEALS, BLAKE, and ROBINSON, JJ., concur.

