M. KATHLEEN LAWRENCE, ALSO KNOWN AS MARGARET LAWRENCE, PLAINTIFF, v. COMMERCIAL CASUALTY INSURANCE COMPANY ET AL., DEFENDANTS.

Decided May 25, 1944.

For the plaintiff, *Milton C. Nurock.*

For the defendant Commercial Casualty Insurance Company, *Lum, Fairlie & Wachenfeld* (by *Charles S. Barrett, Jr.,* with whom *Wharton & Hall, Bowers & Rinehart, Reger & Smith,* and *W. Eddy Heath,* representing other defendants, are associated for the purpose of the motion).

LEYDEN, S. C. C. The plaintiff, a resident of Philadelphia, Pennsylvania, has instituted an action in the Supreme Court, Somerset Circuit, against twenty-eight defendants, eighteen of whom have been served with process. Twelve of the eighteen so served have given notice to the plaintiff to post security for costs pursuant to the statute, *R. S.* 2:27–424; *N. J. S. A.* 2:27–424. Upon her failure to comply, the

present motion to stay her cause was made. The plaintiff has posted one bond in the sum of $100 and now contends, in opposition to the motion, that she has thus satisfied the requirements of the statute. I think not. The statute provides: "If plaintiff is a non-resident he shall, if required at any time before notice of trial by notice given to him by defendant, give bond to defendant in the sum of one hundred dollars, with sufficient surety, condition to prosecute his action with effect and to pay costs if he discontinues his action, is nonsuited or a judgment passes against him." Its purpose is to protect our residents from unfounded and vexatious suits commenced by non-resident plaintiffs, and to secure the payment of their taxed costs in the event the plaintiff is unsuccessful.

Ordinarily, if the matter were discretionary, it would seem that a bond by the plaintiff in favor of the twelve demanding defendants in the sum of $600 would be sufficient for the purpose, but the statute is mandatory and self-executing. It provides that the plaintiff shall give bond to defendant, and when demanded, all proceedings shall be stayed until such security is filed or deposit made. *R. S.* 2:27–424 and 426; *N. J. S. A.* 2:27–424 and 426. The late Judge Lawrence, in *Waterbury* v. *Public Service Electric and Gas Co.*, 12 *N. J. Mis. R.* 362; 171 *Atl. Rep.* 779, pointed out that his inquiry at the clerk's office elicited the information that in a suit involving plural defendants, it is the practice to tax costs for each defendant.

The twelve defendants demanding security are entitled to a compliance with the statute, and the action must be stayed until the security is filed or deposit made by the plaintiff in favor of each such defendant.