IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| PACIFIC MARKET INTERNATIONAL, LLC, a Washington limited liability company, | ) ) ) ) | No. 74623-5-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) ) | UNPUBLISHED OPINION |
| TCAM CORE PROPERTY FUND OPERATING LP, a Delaware limited partnership, | ) ) ) ) | FILED: February 6, 2017 |
| Appellant. | ) ) ) | |

BECKER, J. — This is the second appeal concerning the contractual rights of the parties in a commercial lease involving parking spaces. In the first appeal, we reversed a decision construing the lease in favor of the tenant. On remand, the trial court complied with the mandate to enter declaratory judgment in favor of the landlord. Based on a misunderstanding of our opinion, the trial court refused to consider the landlord's request for a money judgment compensating for the unpaid rent of the parking spaces. Again, we reverse. The tenant leased the parking spaces and offers no legitimate excuse for refusing to pay the agreed rent.

FACTS

The landlord and appellant is TCAM Core Property Fund Operating LP (TCAM). The tenant and respondent is Pacific Market International LLC (PMI). The details of the commercial real estate lease they entered into are set forth in our first opinion, Pacific Market International, LLC v. TCAM Core Property Fund Operating LP, noted at 186 Wn. App. 1050 (2015). To summarize, a dispute arose over the parking payment obligation in the lease. In February 2012, PMI filed a complaint requesting a declaratory judgment that the payment obligation was only for the number of parking spaces PMI needed in any given month. TCAM counterclaimed for declaratory judgment that the payment obligation was for a specific number of parking spaces designated in the lease. On cross motions for summary judgment, the trial court granted summary judgment to PMI. TCAM appealed. On April 13, 2015, this court issued an opinion in favor of TCAM. We held that the plain language of the agreement "obligates the tenant to pay for a certain number of spaces every month whether or not the tenant actually needs them." Pac. Mkt. Int'l, slip op. at 1. We directed the trial court to enter a declaratory judgment based on that holding.

PMI had requested that the matter be remanded for trial on whether TCAM had failed to mitigate its damages. In the last three paragraphs of the opinion, we concluded there was no reason to remand for trial on that issue:

> PMI claims that even if TCAM's interpretation prevails, this matter must be remanded for trial because TCAM has failed to mitigate its damages. According to PMI, TCAM failed to make reasonable efforts to avoid damages from PMI's inability to use all 34 parking spaces and even affirmatively ignored expressions of interest from a third party.

2

The doctrine of avoidable consequences, or mitigation of damages, prevents an *injured* party from recovering damages that the party could have avoided through reasonable efforts. TCAM has not been injured. PMI has been paying under protest for the parking spaces it does not use. Because TCAM has not incurred a duty to mitigate, there is no reason to remand this matter for trial.

In summary, the trial court erred by entering judgment for PMI. The case is remanded with instructions to enter judgment in favor of TCAM and to award TCAM its attorney fees and costs in accordance with the attorney fee provision of the lease. That award shall include TCAM's reasonable attorney fees for this appeal.

Pac. Mkt. Int'l, slip op. at 9-10 (citation omitted).

On remand, in compliance with the opinion, the trial court entered a declaratory judgment: "The plain language of the agreement obligates PMI to pay for a certain number of spaces every month whether or not PMI actually needs them." Clerk's Papers at 2872.

TCAM then sought entry of a money judgment for about $195,000, the amount PMI allegedly owed for the parking spaces plus interest and late charges. The trial court ruled that TCAM had not followed proper procedure to get relief beyond the declaratory judgment:

In its Answer to the Complaint and its Counterclaim in this case TCAM asked for a declaratory judgment and attorneys' fees and costs under the lease. This relief has been granted herein. While there arguably was a way in which TCAM could have asked for additional relief, it was not proper for it to ask for relief not requested in its Answer and Counterclaim by filing a motion without oral argument asking this Court to resolve factual issues upon 8 days' notice.

Clerk's Papers at 2875.

3

The court not only ruled that TCAM's request for money damages was procedurally wrong, but also concluded that this court, by stating "TCAM has not been injured," had ruled out any grant of money damages:

> In addition the clear language of the decision of the Court of Appeals was that the case was remanded for the limited issue of entry of the declaratory judgment as requested and that if there was an issue about payment for the parking spaces, there would be a factual issue that needed to be resolved as to mitigation. However, since the Court of Appeals found that there was no issue raised as to damages (payment for the parking spaces) the case was not remanded for a trial on factual issues. It was inappropriate for TCAM to have filed the motion for additional relief which was, essentially, an end run around the decision of the Court of Appeals, civil court rules that would require as amendment to pleadings if a new cause of action was raised, civil court rules that would require at least 28 days' notice for a decision to be decided by summary judgment, and the right to trial on disputed factual issues, such as those that would arise if there was an issue about mitigation of damages.

Clerk's Papers at 2875.

TCAM appeals. TCAM contends the trial court erred by refusing to enter a money judgment.

## DENIAL OF MONEY JUDGMENT

In our first opinion, we did not intend to prohibit the trial court from granting the monetary relief that TCAM is so clearly entitled to as the result of the declaratory judgment. Unfortunately, by taking the language in our first opinion out of context, PMI persuaded the trial court that our opinion prohibited TCAM from seeking monetary relief on remand. Apparently, we did not set out the scope of the remand with sufficient clarity. We will attempt to do so now.

TCAM's first appeal in this case sought only declaratory judgment. Damages, injury, and money judgment were not at issue. On remand, TCAM

4

asked the trial court to enter a money judgment as further relief under the Uniform Declaratory Judgments Act, RCW 7.24.080. TCAM employed proper procedure. The act provides for further relief based on a declaratory judgment after a show cause hearing:

> Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. When the application is deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.

RCW 7.24.080. The purpose of TCAM's declaratory judgment action was to establish entitlement to damages for PMI's breach of the lease. TCAM's request for a money judgment based on the declaratory judgment was "necessary" and "proper" under RCW 7.24.080 because, after entry of the declaratory judgment in favor of TCAM, PMI refused to pay the money owed. The "further relief" provided under RCW 7.24.080 can be money damages. United Nursing Homes, Inc. v. McNutt, 35 Wn. App. 632, 640, 669 P.2d 476 ("Granting damages in the declaratory action saved time and money and resolved the entire dispute"), review denied, 100 Wn.2d 1030 (1983).

The trial court ruling states that this court "found" that TCAM raised no issue as to damages. This is inaccurate. Our statement that "TCAM has not been injured" was in response to PMI's request that the matter of the declaratory judgment be remanded for trial because TCAM failed to mitigate its damages. We intended that statement to explain why we were not remanding the matter of the declaratory judgment for trial. We did not intend that statement as a finding

that would prevent TCAM from establishing injury, damages, and entitlement to a money judgment on remand once the declaratory judgment was entered.

The statement that "TCAM has not been injured" was not a finding of no injury. This court does not make factual findings. See, e.g., Quinn v. Cherry Lane Auto Plaza, Inc., 153 Wn. App. 710, 717, 225 P.3d 266 (2009) (appellate courts do not hear or weigh evidence or find facts), review denied, 168 Wn.2d 1041 (2010). The statement reflected this court's understanding, based on the parties' briefs and oral argument, that PMI had been paying under protest for the parking spaces it did not use in order to avoid termination of what PMI viewed as a prime real estate lease. The parties now agree that at some point before the trial court granted summary judgment in January 2014, PMI quit paying under protest for the parking spaces it did not use.

The misunderstanding arose in part from PMI's argument in the first appeal that the matter should be remanded for trial on the issue whether TCAM had mitigated its damages. TCAM responded that the only claims asserted in the complaint and counterclaim were for declaratory judgment regarding the meaning of the lease. According to TCAM, mitigation of damages "is only an affirmative defense to a claim for damages and is not applicable to a claim for declaratory judgment." Clerk's Papers at 2780. PMI argues that TCAM is now taking an inconsistent position by making a claim for money damages. But TCAM has never claimed that it was not injured or that it had no damages. When defending its claim for declaratory judgment, TCAM argued that mitigation is not a defense *to a claim for declaratory judgment*. TCAM now seeks a money

judgment on remand pursuant to RCW 7.24.080. TCAM acknowledges that PMI may raise its mitigation argument at the show cause hearing under RCW 7.24.080, as mitigation is a defense to damages. This is not contradictory or inconsistent with TCAM's earlier position.

Without a corresponding money judgment to enforce TCAM's rights under the declaratory judgment, the declaratory judgment would be hollow. The trial court erred in refusing to consider TCAM's request for a money judgment.

MOTION TO DISMISS

On March 25, 2016, PMI moved to dismiss TCAM's appeal as too late to bring the final judgment up for review. We conclude the appeal is timely. We deny the motion to dismiss.

TCAM filed two successive motions for reconsideration in the trial court. Both were timely filed within 10 days of the order for which reconsideration was sought. The trial court denied both motions. TCAM's appeal was filed within 30 days of the order denying the second motion.

The chronology of relevant dates is as follows.

On October 27, 2015, the trial court entered a final judgment. Clerk's Papers at 2790-94. As discussed above, the final judgment denied TCAM's request for a money judgment.

On November 6, 2015, TCAM timely moved for reconsideration of the court's decision to deny its request for a money judgment. The motion stated, "The Court denied TCAM's request, leaving TCAM with no way to recover the unpaid parking charges in this action. To avoid the injustice this would cause,

7

TCAM requests that the Court either reconsider its denial or grant TCAM leave to amend its pleading to assert a claim for breach of the Lease provision requiring PMI to pay for all of its parking stalls." Clerk's Papers at 2795.

On November 16, 2015, PMI emailed a letter to the court requesting permission to respond to the motion and raising substantive arguments. Clerk's Papers at 2820-21.

On November 17, 2015, the trial court issued an order stating that the motion for reconsideration was "denied as to the ruling re denial of further relief" (i.e., the money judgment), while at the same time requesting PMI to respond "as to the issue of whether defendant should be allowed to amend its pleadings as requested." Clerk's Papers at 2824.

On November 24, 2015, TCAM filed a second motion for reconsideration. This motion sought reconsideration of the November 17, 2015, order. As authority for filing a motion to reconsider an order denying a motion for reconsideration, TCAM cited Barry v. USAA, 98 Wn. App. 199, 203, 989 P.2d 1172 (1999) ("Nothing in CR 59 leads this court to declare a one-reconsideration limit for trial court decisions.") Clerk's Papers at 2827.

On November 25, 2015, PMI responded to the court's request for a brief on TCAM's alternative motion for leave to amend. PMI asked the court to deny the motion and bring the case to an end on the basis that this court's opinion expressly foreclosed further litigation. Clerk's Papers at 2848. PMI did not object to TCAM's filing of a second motion for reconsideration.

On December 1, 2015, TCAM filed a reply, documenting alleged distortions in PMI's presentation. Clerk's Papers at 2858-63.

On December 18, 2015, the court issued an order denying TCAM's second motion for reconsideration of the order dated November 17, 2015, insofar as that order again denied the request for entry of a money judgment. The December 18 order also denied, for the first time, TCAM's request for leave to amend. Whether TCAM should be allowed to amend its pleadings was an issue that had been left open by the order of November 17, 2015. The December 18 order stated:

> The Motion for Reconsideration is denied. The defendant evidently represented to the Court of Appeals that at least as of the date of argument remand to determine any amounts due was not appropriate or necessary because it had been compensated (incurred no damages). Based on that, the Court of Appeals refused the Plaintiff's request for remand. Therefore, it is not appropriate nor does it do substantial justice under these circumstances to re-open the case and allow defendants to amend their pleadings and their position with the Court of Appeals.

Clerk's Papers at 2865.

On January 13, 2016, TCAM filed a notice of appeal. The notice designated the order of December 18, 2015; the order of November 17, 2015; and the judgment of October 27, 2015.

PMI recognizes that TCAM's first motion for reconsideration, filed on November 6, 2015, was timely under the 10-day deadline of CR 59(b). PMI also recognizes that under RAP 5.2(e), the filing of that motion extended the deadline for TCAM to file an appeal of the final judgment until 30 days after the court order deciding the motion, that is, until December 17, 2015. PMI's motion to dismiss

argues that the rules do not allow the deadline for filing a notice of appeal to be further extended by the filing of a second motion for reconsideration. If PMI is correct, the notice of appeal filed on January 13, 2016, was too late to bring the final judgment up for review.

A motion for reconsideration must be filed "not later than 10 days after the entry of the judgment, *order, or other decision*." CR 59(b) (emphasis added). The potential for filing a motion to reconsider an order denying a motion for reconsideration is within the express terms of the 10-day deadline in CR 59(b). Consistent with this observation, this court has held that a trial court decision may be the subject of more than one motion for reconsideration under CR 59. Barry, 98 Wn. App. at 203.

PMI argues that under Barry, there can be a second motion for reconsideration only if it is brought by the party aggrieved by a court order that grants a motion for reconsideration by another party. That was the fact pattern in Barry, but the opinion does not limit its holding to the facts of the case. Barry determined that the second motion for reconsideration in the case was allowed because it did not come under any of the limitations of CR 59(j). Barry, 98 Wn. App. at 203. CR 59(j) provides that if a motion for reconsideration is made and heard *before* the entry of the judgment, "no further motion may be made" without a showing of good cause. CR 59 places no similar limit on further motions if a motion for reconsideration is made and heard *after* the entry of judgment. Thus, neither Barry nor CR 59 support the argument that TCAM's second motion for

reconsideration was ineffective to extend the deadline for filing an appeal from the judgment.

The appellant has 30 days to appeal from an order deciding a "timely" motion for reconsideration. RAP 5.2(e). That rule is applicable here, because TCAM's second motion for reconsideration was timely. It was filed on November 24, 2015, 7 days after the order for which reconsideration was sought—the November 17, 2015, order denying TCAM's first motion for reconsideration. RAP 5.2(e) does not limit the effect of extending time to the first motion for reconsideration.

TCAM's notice of appeal designated the final judgment for review along with the two orders denying the two motions for reconsideration. PMI provides no rule-based reason for excluding the final judgment from the scope of our review. Indeed, as TCAM points out, even if a final judgment is not designated in the notice of appeal, it is brought up for review by a notice of appeal designating an order deciding a timely posttrial motion for reconsideration. CR 2.4(c).

TCAM asserts that "PMI's attempt to disjoint the Judgment and the orders on the two motions for reconsideration is an overly manipulated argument that does not comport with the Rules." Opposition to Motion to Dismiss at 6. We agree. The policies behind the rules are not well served by PMI's proposed interpretation. Posttrial motions give the trial court the opportunity to correct errors in the proceedings without the necessity of an appeal. Koboski v. Cobb, 161 Wash. 574, 297 P. 771 (1931); 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 59, at 52 (6th ed. Supp. 2016). "It would serve no purpose

11

to require appellants to file a notice of appeal while a motion for reconsideration or new trial was pending in the court below." Simonson v. Veit, 37 Wn. App. 761, 765, 683 P.2d 611, review denied, 102 Wn.2d 1013 (1984).

PMI contends that TCAM's 30-day appeal deadline began to run on November 17, 2015, and expired on December 17, 2015. Such a result would be particularly out of harmony with the spirit of the rules in the circumstances of this case. TCAM's first motion for reconsideration was phrased in the alternative: either allow TCAM to pursue a money judgment under the Uniform Declaratory Judgments Act, or allow TCAM to amend its pleadings to ask for that relief. While the November 17, 2015, order purported to be a denial of the first motion for reconsideration, its effect was only to deny the first alternative, while leaving open the possibility that leave to amend might yet be granted. It was not until December 18, 2015, that the court foreclosed that option and denied the first motion for reconsideration in full. TCAM filed its notice of appeal within 30 days of that order.

PMI contends that interpreting the rules to allow successive motions for reconsideration will have the undesirable effect of allowing procrastinating litigants to delay indefinitely the filing of their appeals by filing repetitive motions. We regard the possibility of such abuse as remote. If it occurred, it would be readily subject to control and sanctions by the trial court and the appellate court.

PMI has filed a statement of additional authorities including decisions from federal courts and the courts of other states that, in general, hold that a second motion to reconsider does not toll the deadline to appeal the underlying final

judgment. Because the cited decisions either rely on court rules that are worded differently from Washington's or are distinguishable on their facts, they are not helpful. Our conclusion that Washington's CR 59 contemplates successive motions for reconsideration is supported by the drafters' comment to the 2005 amendments to that rule: "The suggested amendments to CR 59(j) allow the court to consider more than one motion for reconsideration, motion for new trial, or motion for judgment as a matter of law in some circumstances." 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 59 drafters' cmt. at 561 (6th ed. 2013) (drafters' comment to 2005 amendments).

We conclude the judgment and the two orders denying reconsideration are all properly before this court on appeal.

In summary, PMI's motion to dismiss the appeal is denied. The trial court erred by denying TCAM's request for a money judgment. The case is remanded with instructions to hold a show cause hearing under RCW 7.24.080 to determine the appropriate money judgment, to award TCAM its reasonable attorney fees for this appeal in accordance with the attorney fee provision of the lease, and for other proceedings as may be consistent with this opinion.

Reversed and remanded.

_Becker, J._

WE CONCUR:

_Trickey, A.C.J._