## TESSIE SHEEHAN, BY HER NEXT FRIEND, PLAINTIFF, v. LA BELLE COMPANY, INC., DEFENDANT.

Submitted December 5, 1918—Decided December 14, 1918.

If a non-resident plaintiff neglects to file security for costs within a reasonable time after due demand therefor, and does not take any steps in the cause to speed its prosecution, the court may, in its discretion order a judgment of nonsuit. The plaintiff cannot, by refusing to file security for costs, hold the defendant subject to the further prosecution of the suit for an indefinite period, and the consequent possibility of the loss of evidence necessary to his defence.

On motion for a judgment of *non pros.*

Before Justices BERGEN, KALISCH and BLACK.

For the motion, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

BERGEN, J. This is a motion to nonsuit the plaintiff, upon due notice served, for want of diligent prosecution of his action, and is based on the following statement of facts appearing in the record, viz.: March 15th, 1918, summons and complaint served; March 27th, 1918, a demand by the defendant that the plaintiff file security for costs, the plaintiff being a non-resident; that security for costs had not been filed on the opening day of the November term, 1918, nor any other steps taken to speed the cause.

Section 205 of our Practice act *(Comp. Stat., p.* 4116) provides that where the defendant is entitled to security for costs, he should give notice to the plaintiff that he requires it, and all proceedings shall be stayed until such security is filed or deposit made, and upon filing such security plaintiff shall give notice thereof to the defendant. In our opinion the filing of security of costs when demanded is a step in the cause and, although the statute does not fix the time within which the

security shall be filed, it manifestly must be done within such reasonable time as the court may in its discretion determine, otherwise the defendant would remain subject to the action for an indefinite period, because under any other view the plaintiff might delay the giving of security until material evidence for the defendant becomes unavailable, for the indefinite period might, by the action of the plaintiff, be continued for ten years. In *Meyers* v. *Vincent*, 22 *N. J. L. J.* 75, there was a demand for security for costs, and the plaintiff having neglected to notice the cause for trial at the next term, the defendant gave notice for the succeeding term that he would move for a nonsuit for failure to prosecute, and Chief Justice Magie, sitting at the Circuit, allowed the motion, notwithstanding the plaintiff had in the meantime entered a discontinuance.

In the present case, the record shows that the action was pending in the Hudson Circuit, and that the April and September terms of that court passed without the filing of the security for costs, or the giving of any notice of trial for either term, or the taking of any step to advance the cause to a determination.

The plaintiff here, notwithstanding notice of the present motion, has not appeared, and, therefore, we may assume, in the absence of anything to the contrary, that the plaintiff does not intend to contest this motion. An application, very much like the present, was considered in *Glover* v. *Cuming*, 12 *Wend.* 295. There the motion was for a *non pros.* for not filing security for costs, and it was held that a motion for nonsuit was the proper practice.

At common law the practice for compelling security for costs was to obtain a rule requiring security to be filed, and in the meantime staying all proceedings, but our Practice act has superseded the proceeding by rule, and in place of that substituted a notice requiring security to be given, with the sequence that the action was stayed until the security was given, amounting in effect to a rule of the court with which the plaintiff must comply if he wishes to proceed, and it is his duty to file the security with reasonable promptness

so as to afford the defendant an opportunity to answer upon the terms fixed by the statute. If this is not done, and the issue joined within a reasonable time to bring the cause to trial, the plaintiff is in the same position as if he had neglected to give the notice of trial for the first available term, and he cannot have any advantage from his neglect unless, by due application to the court, further time is granted. The facts in divers cases may be different, but the court will always, in its discretion, preserve the rights of the plaintiff if he advances any justifiable reason for his delay.

Under the facts existing in the case now under consideration, we are of opinion that the defendant is entitled to his motion, and may enter a judgment of *non pros.*, with costs.