AUTOMOBILE BANKING CORPORATION, PLAINTIFF, v. WILLIAM T. BIRKHEAD, INDIVIDUALLY, AND VERTNER MOTORS, INC., DEFENDANTS.

Decided March 22, 1944.

For the plaintiff, *Albert Rathblott.*

For the defendant William T. Birkhead, *W. Louis Bossle.*

BURLING, C. C. J. and S. C. C.  Motion has been made by the defendant William T. Birkhead to open and set aside a judgment as to him, pursuant to Supreme Court rule 94 as recently amended, *N. J. S. A. tit.* 2, obtained by default against the defendants William T. Birkhead, individually, and Vertner Motors, Inc.

Judgment was entered in the Supreme Court the 16th day of December, 1943, in favor of the plaintiff, and against both defendants.  Judgment was entered by default and recited that the defendants failed to appear and defend this action within the time allowed by law.

Pursuant to the terms of a rule to show cause entered herein, depositions have been taken for use in the disposition of this rule, and argument has been made on the return of said rule by the respective parties and due consideration has been given thereto, together with the depositions and exhibits presented.

Defendant Birkhead's attorney gave notice of a motion to obtain a rule for security for costs before me which was returnable on November 25th, 1943. The attorney elected to proceed with respect to obtaining security for costs by way of motion, and not to rely solely upon the provisions of *R. S.* 2:27–424; *N. J. S. A.* 2:27–424, in order to meet as he deemed wise the deficiencies referred to in the opinion reported unofficially in *Center Co-operative Corp.* v. *Hawthorne Ice Co. (Supreme Court,* 1942), 65 *N. J. L. J.* 561, as follows:

"As there is no proof that plaintiff has no principal office in this state and no agent resident here upon whom process may be served, the plaintiff is resident *de facto* corporation and not a non-resident obliged to post security."

This course by the defendant was pursued despite the fact that the common law practice for compelling security for costs by rule was superseded before notice of trial by notice above referred to (*R. S.* 2:27–424).

Upon the eve of the return day of the motion (November 25th, 1943) and by letter dated November 29th, 1943, plaintiff's attorney conceded defendant Birkhead's right to security for costs.

The return upon the summons by the sheriff elicited service upon this defendant at his place of residence. A re-service of the summons was made on November 29th, 1943. The cause thereof is in dispute. The defendant's attorney asserted he was advised by the plaintiff's attorney that it was done to perfect the service upon the corporate co-defendant. Plaintiff's attorney now asserts it was because the original sheriff's return certified:

"Served the within summons and complaint upon William T. Birkhead, individually, and Vertner Motors, Inc., the within named defendants, November 10, A. D. 1943, by leaving a true copy of the within for William T. Birkhead, and a

true copy of the within for William T. Birkhead registered agent of Vertner Motors, Inc., at his residence, 436 Melbourn Avenue, Beverly, Burlington County, New Jersey, with a member of his family above the age of fourteen years, to wit: with his sister, Helen Dixon," and that the statute required substituted service to be "left at his usual place of abode." *R. S.* 2:27–59; *N. J. S. A.* 2:27–59.

Be that as it may, security for costs ($100 in cash) was deposited with the clerk, but no advice of that fact was given to the defendant as required by *R. S.* 2:27–427; *N. J. S. A.* 2:27–427, nor is this failure explained but the plaintiff's attorney proceeded to obtain a judgment by default on December 16th, 1943, upon the premise that the defendant Birkhead failed to appear and defend within the time allowed by law, and upon the further premise that an affidavit of merits was not filed.

The complaint had endorsed thereon a demand for an affidavit of merits (Supreme Court rule 77; *N. J. S. A. tit.* 2). Since the service in the first instance was not personal, it was ineffective in relation thereto. It is asserted by the plaintiff's attorney that the notice prescribed by *R. S.* 2:27–424 was not given and that such statute superseded common law practice of obtaining a rule, *Sheehan* v. *LaBelle Co.* (*Supreme Court,* 1918), 92 *N. J. L.* 315 (at *p.* 316); 105 *Atl. Rep.* 449. This position is inconsistent in view of his concessions of November 25th, 1943, by telephone and November 27th, 1943, by letter, and of the consequent abandonment of pursuit of the motion by the defendant on the 27th day of November, 1943, to obtain a formal rule. Further, subsequent to the entry of the default judgment, rule was presented by plaintiff's attorney to the Supreme Court and obtained by him for the return of the deposit. The form of rule recited:

"This matter being opened to the Court by Albert Rathblott, Attorney of Plaintiff and it appearing that the defendants, William T. Birkhead and Vertner Motors, Inc., demanded that the plaintiff deposit security for costs."

The notice of motion by the defendant for a rule for security for costs was made without reservation and consti-

tuted a general appearance and recognized the jurisdiction of the court, thereby obviating the necessity of re-service, even if the original service was faulty and it has not been contended by the defendant that the service which was initially made was not at defendant's "place of abode."

The restraint as provided by R. S. 2:27–426; N. J. S. A. 2:27–426, was in effect at the time of the second service. The defendant was entitled to ignore the second service and judgment based upon the failure to file affidavit of merits grounded in the second service was improperly entered.

A further examination of the complaint, depositions and exhibits evinces sufficient merit to justify consideration of the case by a trial court.

The judgment will be opened and set aside as to the defendant William T. Birkhead. R. S. 2:27–194; N. J. S. A. 2:27–194.

The execution issued upon said judgment to the sheriff of Burlington County will be vacated as to the said William T. Birkhead, and any levy made thereunder by the sheriff of the County of Burlington as to the said William T. Birkhead will be removed.

Security for costs are to be furnished by the plaintiff and thereupon the defendant William T. Birkhead will plead or otherwise address himself to the complaint within ten days after the reception of notice of filing of security for costs. The costs of this motion are to be assessed against the plaintiff.

An appropriate rule may be presented.